UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ANDRE BROWN,                                                    16-CV-959 (ILG)

                              **Plaintiff,**

                                                               **FIRST AMENDED**
                                                               # COMPLAINT
                    -against-                                  **Plaintiff Demands**
                                                               **A Trial By Jury**

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CORRECTION, CORRECTION OFFICER TAYANNA
NEAL, SHIELD # 10318, CAPTAIN STEPHEN VERAJA,
SHIELD # 754 and CAPTAIN JOHN DOE 3,

                              **Defendants.**
-------------------------------------------------------------------------------X

    Plaintiff, by DEVON M. WILT, his attorney, respectfully alleges as follows:

## JURISDICTION

1.      This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments of the Constitution of the United States and the Civil Rights Law of the United

States, as codified in Title 18 U.S.C. Sections 242, Title 28, U.S.C. Sections 1331 and 1343 and

Title 42, U.S.C. Sections 1981, 1983 and 1985.

2.      Plaintiff further invokes the pendent jurisdiction of this Court to consider claims

arising under State Law.

## VENUE

3.      The course of conduct and other acts complained of herein arose and occurred in

whole or in part within the County of Queens, City and State of New York, in the Eastern

District of New York.

## PARTIES

4.      Plaintiff, *ANDRE BROWN* (BROWN), is and was at all times herein mentioned,

a citizen and a resident of the State of New York.

5.    The defendant, *CITY OF NEW YORK*, **(CITY)** is a municipal corporation and political subdivision of the State of New York.

6.    The defendant, *NEW YORK CITY DEPARTMENT OF CORRECTION* **(DOC)** is a municipal agency under the supervision and control of the defendant **CITY**.

7.    The defendant, *CORRECTION OFFICER TAYANNA NEAL, SHIELD #* *10318* **(C.O. NEAL)**, is a correction officer employed by the defendants **CITY** and **DOC**.

8.    The defendant, *CAPTAIN STEPHEN VERAJA, SHIELD # 754* **(CAPT. VERAJA)**, is a captain employed by the defendants **CITY** and **DOC**.

9.    The defendant, *CAPTAIN JOHN DOE 3,* **(CAPT. JD3)**, is a captain employed by the defendants **CITY** and **DOC**.

10.    That at all times herein mentioned, defendants, **C.O. NEAL, CAPT. VERAJA** and **CAPT. JD3,** were employed by the defendants **CITY** and **DOC**, in the capacity of captains and correction officer, and were acting in such capacity as the agents, servants and employees of the defendants, **CITY** and **DOC**, and each is sued individually and in their official capacity.

11.    That at all the times herein mentioned, defendant **C.O. NEAL** was acting under color of state law and under her authority as a correction officer for the defendants, **CITY** and **DOC**.

12.    That at all the times herein mentioned, defendants, **CAPT. VERAJA** and **CAPT. JD3,** were acting under color of state law and under their authority as captains for the defendants, **CITY** and **DOC**.

## NEW YORK CITY'S CORRECTIONAL SYSTEM

13.    For decades, through Department reports and civil litigation, defendant **DOC** has been aware of the routine, dangerous and unconstitutional use of excessive force by staff at the

individual facilities in the multi-jail New York City Department of Correction.[1] In many instances, defendant **DOC** staff brutally beat prisoners to punish them for having "disrespected" staff, or because they believe they were "disrespected" by the prisoner.

14.     In *Sheppard v. Phoenix*, 210 F.Supp.2d 250(S.D.N.Y. 1998) (terminating injunction), was a class action that concerned the City's Central Punitive Segregation Unit (CPSU). That litigation unearthed abuse of prisoners and its cover-up sufficiently serious to merit criminal prosecutions of defendant **DOC** staff members.

15.     In *Ingles v. Toro*, 428 F.Supp.2d 203 (S.D.N.Y. 2006) (approving stipulation of settlement), was a system-wide class action challenging the widespread practice of using excessive force against inmates incarcerated in New York City's jails. This litigation revealed significant numbers of credible excessive force complaints from prisoners who had been seriously injured by correction officers in the City jails. The settlement of this class action was intended to provide meaningful improvements in the training, practice and supervision of correction officers and investigators, and changes in the defendant **DOC's** use of force policy.

16.     Through defendant **DOC's** elaborate reporting system, the Wardens, Deputy Wardens and their staff were aware of a pattern of a large number of incidents involving the use of unnecessary and/or excessive force resulting in serious injuries to inmates and failed to take sufficient steps to curb these abuses.

17.     The defendant **DOC** and the Wardens, Deputy Wardens and their staff have also been made aware of the failure of the defendant **DOC** to bring disciplinary charges against its

---

[1] *See, e.g. Fisher v. Koehler*, 692 F. Supp. 1519 (S.D.N.Y. 1988), *injunction entered*, 718 F.Supp. 1111 (1989), *aff'd*, 902 F.2d 2 (2d Cir. 1990) (Correction Institution for Men); *Jackson v. Montemagno*, 85 Civ. 2384 (AS) (E.D.N.Y.)(Brooklyn House of Detention); *Reynold v. Ward*, 81 Civ. 101 (PNL) (S.D.N.Y.)(Bellevue Prison Psychiatric Ward); *Sheppard v. Phoenix*, 91 Civ. 4148 (RPP)(S.D.N.Y.)(Central Punitive Segregation Unit).

correction officers to promote institutional reform, punish staff who misuse force, and discourage others from doing so.

18. Through all these cases and defendant **DOC** reports, the Wardens, Deputy Wardens and their staff have been made aware of the widespread practice by correction officers of using excessive and/or unnecessary force to injure inmates. They have also been made aware of the failures of the defendant **DOC** Investigation Division to adequately investigate allegations of misconduct, a practice that causes further abuse. These Wardens, Deputy Wardens and their staff cannot credibly contend that they are unaware of abuse that occurs with regularity in the New York City correctional system and the failure of the defendant **DOC** to take sufficient measures to investigate and discipline this abuse.

## FACTS

19. On November 6, 2014, the plaintiff **BROWN** was incarcerated at the correctional facility known as the George R. Vierno Center (GRVC), located at 09-09 Hazen Street, East Elmhurst, County of Queens and City and State of New York.

20. On November 6, 2014, during the morning hours, in Housing Area 7A of GRVC, plaintiff was wearing a pair of slippers.

21. On November 6, 2014, during the morning hours, defendant **C.O. NEAL** approached plaintiff to escort him to Intake to retrieve a pair of sneakers.

22. Defendant **C.O. NEAL** told plaintiff she would not escort him unless he put on defendant **DOC** shoes.

23. Plaintiff put on a pair of sneakers that were too big for his feet.

24. Again, Defendant **C.O. NEAL** refused to escort plaintiff to Intake.

4

25.     Plaintiff approached defendant **DOC** Captain John Doe 1 (**CAPT. JD1**), whose name and shield number are currently unknown to plaintiff, and requested permission to be escorted to Intake to retrieve a pair of sneakers a family member sent him.

26.     Defendant **DOC CAPT. JD1** granted Plaintiff permission to be escorted to Intake.

27.     Plaintiff approached defendant **C.O. NEAL** and told her that **CAPT. JD1** granted him permission to go to Intake.

28.     Defendant **C.O. NEAL** began to curse at plaintiff and said, "Oh, you want to be a messenger?"

29.     Plaintiff asked defendant **C.O. NEAL** to calm down and why was she cursing at him.

30.     Defendant **C.O. NEAL** then said to plaintiff, "that's why I don't like short people like you," and repeatedly called him a, "bitch."

31.     Plaintiff continued to ask defendant **C.O. NEAL** why she was cursing at him.

32.     Defendant **C.O. NEAL,** while holding her radio in her hand, told plaintiff, "If you do not stop talking, I am going to hit you with this."

33.     Plaintiff said, "You are not going to hit me with that."

34.     Defendant **C.O. NEAL** grabbed plaintiff by his neck and hit him in his head multiple times with her radio.

35.     During defendant **C.O. NEAL's** assault on plaintiff, multiple inmates were shouting at defendant **C.O. NEAL** to stop.

36.     One of the witness inmates, whose name and B & C number is unknown to plaintiff at this time, pulled plaintiff away from defendant **C.O. NEAL.**

37.     Defendant **C.O. NEAL** reached and grabbed plaintiff by the back of his neck and continued her assault on plaintiff repeatedly hitting him with her radio.

38.     A defendant **DOC** Correction Officer John Doe 2 (**C.O. JD2**), whose name and shield are currently unknown to plaintiff, sent an alarm out to the rest of the Housing Area for the Emergency Service Unit (ESU).

39.     Two (2) minutes passed and an ESU Team arrived at the scene.

40.     The ESU Team slammed the plaintiff up against the wall, bent his arms and wrists behind his back and escorted plaintiff to Intake.

39.     While being escorted to Intake, Plaintiff felt dizzy, nauseous, light-headed and had blurred vision in his right eye.

40.     Plaintiff made continuous requests to be escorted to Medical and each time was refused by defendant **DOC** officers.

41.     Plaintiff's dizziness, nausea, light-headed and blurred vision did not subside.

42.     After one (1) hour, defendant **CAPT. VERAJA** came to speak to plaintiff and told him that no Use of Force Report would be written and told him to not go to the clinic or file a grievance.

43.     Defendant **CAPT. VERAJA** told plaintiff to, "forget about it," because the incident was, "minor."

44.     Plaintiff was then escorted back to his dormitory.

45.     Later that day, plaintiff went to the clinic because his head was still in pain and his vision was blurred.

46.     Plaintiff was left in the clinic Pen for six (6) hours.

47.     While Plaintiff was waiting to be seen in the Pen, he passed out and hit his head on a bench.

48.     Plaintiff woke up on a stretcher.

49.     Plaintiff was given an ice pack and Tylenol before being returned to his dormitory.

50.     The following day, plaintiff returned to Sick Call.

51.     While at Sick Call, plaintiff spoke to a defendant **CAPTAIN JOHN DOE 3** (**CAPT. JD3**), whose name and shield number are currently unknown to plaintiff, about the assault on him by defendant **C.O. NEAL.**

52.     **CAPT. JD3** did not believe plaintiff.

52.     While at Sick Call, plaintiff then spoke to a defendant **DOC** Deputy Jane Doe 4 (**DEP. JD4**), whose name and shield number are currently unknown to plaintiff, about the assault on him by defendant **C.O. NEAL.**

53.     **DEP. JD4** told plaintiff she would review the camera footage.

53.     Later that day, **DEP. JD4** returned to plaintiff and apologized to him on behalf of defendant **C.O. NEAL.**

54.     On November 8, 2014, an investigation as to the assault by defendant **C.O. NEAL** on plaintiff was commenced. Plaintiff was interviewed and photographs were taken of his injuries.

55.     The defendants, **CITY, DOC, C.O. NEAL, CAPT. VERAJA** and **CAPT. JD3,** jointly and severally, committed the following acts:

    a) Refused to protect, aid and safeguard plaintiff from assaults.

7

b) Created and maintained an unsafe and dangerous environment for the plaintiff.

c) Covered-up their actions.

d) Knowingly and intentionally allowed plaintiff to be assaulted without cause.

e) Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, Federal and State case law.

f) The actions of the defendants constituted Cruel and Unusual Punishment in violation of plaintiff's Eighth (8th) Amendment Rights when the sole purpose of each defendant's actions was to harass, injure, humiliate and intimidate plaintiff.

g) The actions of the defendants were malicious and sadistic.

h) The actions of the defendants, specifically the assault on the plaintiff, was of the nature of a hate crime against the plaintiff.

## *FIRST CAUSE OF ACTION*

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "55" of the complaint, as if the same were set forth more fully and at length herein.

57.     That as a direct and proximate result of the knowing, intentional and malicious acts of the defendants, their captains, correction officers, agents, servants and employees, jointly and severally, as described aforesaid, all committed under color of state law and under their authority as law enforcement officers employed by the defendants, **CITY** and **DOC**, and while

acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **DOC** (Badge of Authority), the defendants caused the plaintiff to be assaulted, harassed, intimidated, degraded and humiliated without cause.

58.     That by engaging in the foregoing acts, practices and courses of conduct, the defendants, their captains, correction officers, agents, servants, employees, used their positions in law enforcement for improper purposes, subjecting plaintiff to deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from assault, harassment, degradation, intimidation and humiliation without cause when imprisoned.

59.     The assault on plaintiff was done to humiliate, degrade, intimidate and harass plaintiff when plaintiff had not committed any improper acts or disobeyed any lawful directive, causing plaintiff to suffer physical and psychological injuries.

## *SECOND CAUSE OF ACTION*

60.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "55" inclusive, as if the same were set forth herein more fully and at length.

61.     The defendants, **C.O. NEAL, CAPT. VERAJA** and **CAPT. JD3**, acting in active concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of plaintiff's Constitutional and Civil Rights, did conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify the actions of each other, and in furtherance of, they did commit the following acts:

a)  Permitted the plaintiff to be assaulted.

b)  Refused to protect, aid and safeguard plaintiff from assault.

c)  Covered-up the actions of each other.

d)  Knowingly, intentionally and maliciously harassed, taunted, assaulted and intimidated the plaintiff.

e)  Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, Federal and State case law.

f)  The actions of the defendants constituted Cruel and Unusual Punishment in violation of plaintiff's Eighth (8th) Amendment Rights when the sole purpose of each defendant's actions was to harass, injure, humiliate, intimidate and assault plaintiff.

g)  The actions of the defendants were malicious and sadistic.

62.    That by engaging in the foregoing acts, all committed under color of state law and under their authority as correction officers for the defendants, **CITY** and **DOC**, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, **CITY** and **DOC**, jointly and severally, the defendants, *C.O. NEAL, CAPT. VERAJA* and *CAPT. JD3,* entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

### *THIRD CAUSE OF ACTION*

63.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "55" inclusive, as if the same were set forth herein more fully and at length.

64.    That defendants, **CITY** and **DOC**, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise their captains and correction officers, **C.O. NEAL, CAPT. VERAJA** and **CAPT. JD3**, and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their correction officers, agents, servants, and employees, directly caused the harm suffered by plaintiff.

65.    That the acts of the defendants, *CITY, DOC, C.O. NEAL, CAPT. VERAJA* and *CAPT. JD3*, their captains, correction officers, agents, servants, employees, committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution the New York State constitution, federal law and state law.

### *FOURTH CAUSE OF ACTION*

66.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "55" inclusive, as if the same were set forth herein more fully and at length.

67.    In having plaintiff assaulted and by standing by and failing to intervene when plaintiff was assaulted, the defendants, **C.O. NEAL, CAPT. VERAJA** and **CAPT. JD3,** acting in their capacities as correction officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

11

68.     Defendant **CITY,** as employer of each of correction officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

69.     Defendant **DOC**, as employer of each of the correction officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

70.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff suffered extreme physical and psychological trauma.

<u>***FIFTH CAUSE OF ACTION***</u>

71.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "55" inclusive, as if the same were set forth herein more fully and at length.

72.     Defendant **CITY**, through the defendants **DOC**, owed a duty of care to plaintiff to prevent the assault, by correction department personnel because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the assault.

73.     All of the defendants and correction officers, specifically, ***C.O. NEAL, CAPT. VERAJA and CAPT. JD3***, were unfit for their positions.

74.     Defendants **CITY** and **DOC** knew or should have known through the exercise of reasonable diligence that the defendants, ***C.O. NEAL, CAPT. VERAJA and CAPT. JD3,*** were potentially dangerous.

75.     Defendants **CITY** and **DOC's** negligence in screening, hiring, training, disciplining, and retaining the defendants, ***C.O. NEAL, CAPT. VERAJA and CAPT. JD3,*** proximately caused plaintiff's injuries.

76.     As a direct and proximate result of this unlawful conduct, plaintiff suffered physical and psychological trauma.

*WHEREFORE*, plaintiff, *ANDRE BROWN*, demands judgment as follows:

A.   As to the first cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

B.   As to the second cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

C.   As to the third cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

D.   As to the fourth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

E.   As to the fifth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

F.   And for such other and further relief as just and proper.

Dated:      New York, New York
            May  31 , 2016

                                        Yours, etc.,


                                        Devon M. Wilt (DW2120)
                                        Attorney for Plaintiff
                                        ANDRE BROWN
                                        7 Dey Street, Suite 1401
                                        New York, New York 10007
                                        (212)406-9200

Index No.:              Year 2016          RJI No.:                          Hon:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDRE BROWN,

                              Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, CORRECTION
OFFICER FNU NEAL, CAPTAIN FNU "V" and
CAPTAIN JOHN DOE 3,
                              Defendants.

---

FIRST AMENDED COMPLAINT

**DEVON M. WILT**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**7 DEY STREET**
**NEW YORK, N.Y. 10007**
**(212) 406-9200**

---

| To: | Signature (Rule 130-1.1-a) |
|---|---|
| _____ Print name beneath | Attorney(s) for |
| Service of a copy of the within Dated, | is hereby admitted. |
| _____ | Attorney(s) for |

Please take notice
ˈ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
ˈ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                    on

                                    Yours, etc.

To:

                                    DEVON M. WILT
                                    Attorney for Plaintiff
Attorney(s) for:                    **7 DEY STREET, SUITE 1401**
                                    **NEW YORK, NY 10007**