

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ARIEL S. LICHTERMAN
*Assistant Corporation Counsel*
Phone: (212) 356-3520
Fax: (212) 356-3509
alichter@law.nyc.gov

May 2, 2017

**BY ECF**
Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: <u>Andre Brown v. City of New York, et al.</u>
           16-CV-959 (ILG)(JO)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, and the attorney assigned to represent Defendants in the above-referenced matter. Defendants intend to move to enforce the settlement reached by the parties at the settlement conference held on January 26, 2017, and therefore respectfully request that the Court set a briefing schedule for the motion and stay all discovery until after this motion has been resolved.

      By way of background, Plaintiff brought this action pursuant to 42 U.S.C. §1983 alleging that Defendants used excessive force against him while he was incarcerated in the GRVC Correctional Facility on Riker's Island on November 6, 2014. The parties attended a settlement conference before Judge Orenstein on December 8, 2016, during which time Magistrate Judge Orenstein made a settlement recommendation of $20,000 inclusive of fees, costs, and expenses. While Defendants accepted this recommendation, Plaintiff's counsel twice requested additional time and could not obtain a response from Plaintiff, as Plaintiff was incarcerated in a New York State correctional facility. The Court then set a status conference for January 26, 2017. At the conference, the parties engaged in further settlement discussions and agreed to settle the matter for the amount previously recommended by the Court. This agreement was memorialized in the Court's January 26, 2017 Order, annexed hereto, and was then formalized in a Stipulation of Settlement and Order of Dismissal which Defendants forwarded to Plaintiff's counsel on February 7, 2017. At a subsequent conference with Magistrate Judge

Orenstein on February 27, 2017, Plaintiff's counsel *again* represented that Plaintiff still wished to resolve the case under the previously agreed terms, and that counsel was merely awaiting receipt of the signed papers from Plaintiff. This too was memorialized in the Court's February 27, 2017 Order, attached hereto. It was not until a conference with the Court on March 28, 2017, over two months *after* the parties had agreed to settle this matter, that Plaintiff informed the Court and defense counsel that he was now refusing to sign the settlement paperwork.

Defendants intend to move to enforce this settlement agreement for the following reasons. It is undisputed that the parties reached an agreement to settle this matter for $20,000.00, inclusive of fees, costs, and expenses. As New York law makes clear, a party may be relieved of the consequences of entering into a binding agreement "only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident." Id. Settlement agreements are strongly favored in New York and "may not be cast aside merely because of an afterthought or change of heart." McNamara v. Tournaeu, 464 F. Supp. 2d 232, 239 (S.D.N.Y. 2006). There is no evidence of fraud, collusion, mistake or accident; rather it appears that Plaintiff has merely had a change of heart as to the monetary amount of the settlement. As such, Defendants submit that the agreement must be enforced.

There is no dispute that Plaintiff's counsel had actual and apparent authority to enter into this agreement. The Second Circuit has repeatedly held that where "an attorney has apparent authority to settle a case, and the opposing counsel had no reason to doubt that authority, the settlement will be upheld." Fennell v. TLB Kent Co., 865 F.2d 498, 501 (2d Cir. 1989) (citing International Telemeter Corp. v. Teleprompter Corp. 592 F. 2d 49, 55 (2d Cir. 1979). Here, not only has Plaintiff been represented by his counsel during this litigation and through discovery, but his counsel made repeated representations to the Court on January 26, 2017 and February 27, 2017 about the authority she had to enter the legally binding agreement with Defendants. Thus, Plaintiff must now be estopped from denying that his counsel validly entered into an agreement with Defendants.

Lastly, courts apply a four-pronged test in determining whether the settlement agreement is enforceable. See Winston v. Mediadare Entm't Corp., 777 F.2d 78, (2d Cir. 1986)). All of these factors weigh heavily towards enforcment of the instant oral agreement and will be addressed in detail in Defendants' anticipated motion. See, e.g., Delgrosso v. City of New York, et al., 11-CV-4876 (MKB)(VVP), 2013 U.S. Dist. LEXIS 138990, at *18 (E.D.N.Y. August 26, 2013) (granting the City's motion to enforce a similar settlement agreement).

With respect to defendants' request to stay discovery, a court may grant a stay of discovery pending a dispositive motion where good cause is shown. See FED. R. CIV. P. 26(c); Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 FRD 367, 368 (S.D.N.Y. 2002). Here, there is good cause for a stay of the remaining discovery in this matter, as there is a substantial likelihood of success of Defendants' motion, which will be fully dispositive of this matter, and due to the burden and cost of further discovery, and the absence of any prejudice to Plaintiff of such a stay. See Spinelli v NFL, 2016 U.S. Dist. LEXIS 135275, at *1 (S.D.N.Y. Sep. 29, 2016).

In light of the above, Defendants respectfully request that the Court endorse the following briefing schedule for Defendants' anticipated motion, and stay all discovery and any other deadlines until resolution of this motion.

| | |
|---|---|
| Defendants' Motion | May 19, 2017 |
| Plaintiff's Opposition | June 2, 2017 |
| Defendants' Reply | June 9, 2017 |

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

_____/s/_____
Ariel S. Lichterman
Assistant Corporation Counsel

cc: Devon Wilt, Esq. (By ECF)
*Attorney for Plaintiff*
160 Broadway - 4th Floor
New York, New York 10038